IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-390 |
| VARIOUS MONEY ORDERS, | ) ) | Judge Nora Barry Fischer |
| Defendant. | ) ) ) | Magistrate Judge Cathy Bissoon |

**MEMORANDUM AND ORDER**

**I.    MEMORANDUM**

Pending before the Court is Claimant Rick Chaidez's Motion to Change Venue (Doc. 15) to the U.S. District Court for the Central District of California. Because Chaidez has not provided any explanation for why venue is proper in the Central District of California, the Court will deny Chaidez's motion.[1]

Transfer of a case is proper "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It does not appear that this action could have been brought anywhere other than in the Western District of Pennsylvania. This is a civil action for forfeiture of property. Venue for such an action is proper in:

(1) "the district in which any of the acts or omissions giving rise to the forfeiture occurred," 28 U.S.C. § 1355;

(2) the district where the forfeiture "accrues" or "the defendant is found," 28 U.S.C. § 1395(a); or

---

[1] Because a motion to transfer venue is nondispositive, see Consolidation Coal Co. v. Marion Docks, Inc., Civ. A. No. 08-1696, 2009 WL 2031774, at *2 n.1 (W.D. Pa. July 10, 2009) (McVerry, J.), a magistrate judge has the authority to issue an order ruling on such a motion, see Fed. R. Civ. P. 72(a).

1

(3) the district where the "property is found," 28 U.S.C. § 1395(b).

According to the United States, the "defendant" money orders in this action are allegedly subject to forfeiture because (a) they are traceable to an illegal drug transaction; and/or (b) they are involved in a violation of 31 U.S.C. § 5324, related to evasion of Treasury Department reporting requirements for certain financial transactions. See Compl. (Doc. 1). The money orders were seized in and remain in the Western District of Pennsylvania. See Pl.'s Response to Motion to Change Venue ¶ 5. Under these circumstances, venue is proper in the Western District of Pennsylvania.

Chaidez has not provided any explanation for why venue would be proper in any other district, including the Central District of California. He has not asserted that any "acts or omissions giving rise to the forfeiture occurred" in the Central District of California. 28 U.S.C. § 1355. He has not asserted that the forfeiture "accrued" in, or that the defendant money orders are found in, the Central District of California. 28 U.S.C. §§ 1395(a), 1395(b). Chaidez only asserts that he has experienced "major financial hardship" and cannot afford to travel to Pennsylvania. While this Court acknowledges the burden on Chaidez, this Court cannot transfer an action to a venue where it could not have been brought. 28 U.S.C. § 1404(a).

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Claimant Rick Chaidez's Motion to Change Venue (Doc. 15) is **DENIED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon  
Cathy Bissoon  
U.S. Magistrate Judge

November 16, 2010

cc:

Rick Chaidez (via U.S. First Class Mail)
All counsel of record (via CM/ECF e-mail)