# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-390 |
| ) | |
| VARIOUS MONEY ORDERS, ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Cathy Bissoon |
| Defendant. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff United States of America's Motion to Strike Claim and Answer (Doc. 23) be granted, as discussed below.

### II. REPORT

**BACKGROUND**

Claimant Rick Chaidez filed an answer and claim to the Defendant money orders in this civil forfeiture action. After filing his answer and claim, Claimant, without good cause, has repeatedly failed to appear for noticed depositions, has failed to respond to a show cause order, and has failed to appear for a settlement conference.

On October 5, 2010, Plaintiff noticed Claimant's deposition for November 16, 2010, in Pittsburgh, Pennsylvania. See Doc. 23-1 at 2. Claimant, on November 8, 2010, filed a motion to change venue to the Central District of California. Doc. 15. On November 16, 2010, this Court denied Claimant's motion to change venue, Doc. 17, and Claimant failed to appear for his noticed deposition. On November 30, 2010, Plaintiff noticed Claimant's deposition for December 16, 2010, in Pittsburgh, Pennsylvania. See Doc. 23-1 at 4. On December 13, 2010,

Claimant filed an "Objection" to Plaintiff's deposition notice, Doc. 18, which this Court treated as a motion for protective order to require Plaintiff to take Claimant's deposition in the Central District of California. On December 16, 2010, Claimant failed to appear for his second noticed deposition. On December 17, 2010, this Court denied Claimant's motion for protective order. Doc. 20.

After Claimant refused to provide Plaintiff with a convenient date for Claimant's deposition, Plaintiff, on January 5, 2011, filed a motion to direct Claimant to provide such a date. Doc. 21. This Court granted Plaintiff's motion and ordered Claimant to "provide a date to the United States for his deposition such that the deposition shall be held on or before 2/7/11" in Pittsburgh, Pennsylvania. Text Order dated Jan. 5, 2011.

Claimant requested that Plaintiff schedule Claimant's deposition for February 7, 2011, and Plaintiff noticed Claimant's deposition accordingly. See Doc. 23-2. On February 7, 2011, Claimant failed to appear for his third noticed deposition, and Plaintiff, on February 15, 2011, filed the currently pending motion to strike Claimant's claim and answer. Doc. 23.

On February 17, 2011, this Court issued an Order to Show Cause upon Claimant "to show good cause why his claim should not be dismissed for his continued failure to attend depositions and failure to comply with this Court's text order dated 1/5/2011 that stated: 'Claimant Rick Chaidez shall provide a date to the United States for his deposition such that the deposition shall be held on or before 2/7/11.'" Text Order dated 2/17/2011. Claimant was ordered to respond by March 7, 2011, and to address the six factors for dismissal identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Text Order dated 2/17/2011. Claimant did not respond to the Order to Show Cause and did not respond to Plaintiff's motion to strike.

Further evidencing his flouting of Court order, on March 10, 2011, Claimant failed to appear for a settlement conference before the Court. See Doc. 24. Claimant did not move to reschedule the conference and did not contact the Court prior to the conference to indicate that he would be unable to attend.

**ANALYSIS**

Dismissal of Claimant's claim is an appropriate sanction for Claimant's repeated failure to appear for his deposition, his failure to respond to this Court's Order to Show Cause, and his failure to appear for a settlement conference before the Court, either under the Court's inherent powers, or under Federal Rules of Civil Procedure 37(b) and 37(d). Determining whether dismissal is an appropriate sanction depends on balancing of the six factors enumerated in Poulis: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.

Here, Claimant is proceeding pro se and is personally responsible for all of the conduct identified above. Plaintiff has suffered prejudice in having to expend time and resources to prepare for Claimant's deposition at least three times, only to have Claimant not appear. Claimant has demonstrated a history of dilatoriness by failing to appear for three noticed depositions, failing to respond to this Court's Order to Show Cause, and failing to appear for a settlement conference before the Court. Claimant's conduct was willful. Other than vague assertions of financial hardship that do not rise to the level of good cause to avoid attending his own deposition, see Doc. 20, Claimant has provided no explanation for his conduct. Further, financial hardship provides no justification for Claimant's failure to respond to this Court's

Order to Show Cause or for Claimant's failure to even inform this Court that he would not attend the settlement conference. Other sanctions are unlikely to be effective in this case. Claimant claims to have limited financial resources, making monetary sanctions unlikely to be effective. Further, Claimant was warned by this Court's Order to Show Cause that dismissal of his claim was possible if he failed to demonstrate good cause. Claimant nonetheless failed to respond, indicating that less severe sanctions will not deter Claimant's continued dilatory conduct. Regarding the last Poulis factor, the record contains insufficient information to determine the meritoriousness of Claimant's claim. The first five Poulis factors thus all favor dismissal, and the sixth factor is neutral.

**CONCLUSION**

For all of the reasons stated above, Plaintiff United States of America's Motion to Strike Claim and Answer (Doc. 23) should be granted, and Claimant Rick Chaidez's claim and answer should be dismissed.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 28, 2011. Responses to objections are due by April 14, 2011.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

March 10, 2011

cc:

All attorneys of record (via e-mail)
Rick Chaidez (via U.S. mail)